UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH DAMON, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-884 (JKS) (JBC) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| SERGEANT TONNER, et al., | : | |
| | : | |
| Defendants. | : | |

**JAMEL K. SEMPER, U.S.D.J.**

Pro se plaintiff Kenneth Damon, a state prisoner incarcerated at New Jersey State Prison in Trenton, New Jersey ("NJSP"), seeks to commence a lawsuit pursuant to 42 U.S.C. § 1983 against the following defendants: Sergeants Tonner and T. Tumminell, and Correctional Officers Robert Sorrell, R. Faccone, and M. Hernandez. DE 1 at 2–3. The Court previously granted Plaintiff *in forma pauperis* ("IFP") status. DE 8. For the reasons below, the complaint is dismissed without prejudice.

**I.      BACKGROUND**

Notwithstanding Plaintiff's eligibility for IFP status, the Court must screen the complaint. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). For screening purposes, the Court accepts Plaintiff's well-pleaded, plausible allegations as true.

On November 7, 2019, Plaintiff was working in the inmate dining room at East Jersey State Prison ("EJSP") when defendant Officer Hernandez "took a pan full of pancakes from Plaintiff and other inmates denying them to eat after [their] job duties was over with." DE 1 at 6.[1] Plaintiff told Hernandez "that the pancakes are for workers when they done working so we

---

[1] Quoted language throughout this Opinion is taken *sic* from the original source.

can have something to eat." *Id.* at 7. Hernandez replied, "I don't give a fuck" and "I will take all of them." *Id.* He then "took the pan of pancakes to his office and denied Plaintiff to eat." *Id.* Plaintiff told Hernandez he was hungry and asked why he took the pancakes. *Id.* In response, Hernandez "falsified a code on his radio '33' of a fight between him and Plaintiff." *Id.* at 7–8. Defendants Sorrell, Tommer, and Tumminell, as well as another officer named Sunder (who is not a defendant), responded to the "Code 33 by . . . Hernandez at [the] inmate dining room." *Id.* at 8 (capitalization omitted). Hernandez "fabricated a story that Plaintiff made contact with him by snatching the pan of pancakes from him." *Id.*

Plaintiff "was transfer[red] to [EJSP] medical department and cleared to be release[d] to [the] restrictive housing unit at [EJSP]." *Id.* at 8–9. Plaintiff was "escorted to 1 left at [EJSP] restrictive housing unit off camera." *Id.* at 9 (capitalization omitted). He was strip searched; Sorrell said, "Bend over let me see what your cellie be looking at next time"; Plaintiff complied and informed Sorrell that he "wanted to file a report on [Sorrell]"; Tumminell told Plaintiff, "Shut the fuck up and do what his officers instruct him to do"; and Sorrell "then fabricated a second Code 33 on Plaintiff stating he ball[ed] his fist up while handcuff[ed]." *Id.* at 9–10 (quotations omitted).

While Plaintiff was handcuffed and naked, "defendants . . . use the[ir] nightsticks to Plaintiff[']s legs and hip causing injury." *Id.* at 10. The "defendants use (6) can of mace on Plaintiff"; took him to an empty cell; and did not allow him to take a shower to wash the mace out of his eyes and off his body. *Id.* at 10–11.

The next day, November 8, 2019, Plaintiff was transferred to Northern State Prison ("NSP") and "escorted to medical . . . by . . . Officer Briggs and Sg. John Doe." *Id.* at 11.

2

Plaintiff was "prescribe[d] pain medication to take swelling from his left leg." *Id.* at 12. That same day, "[NSP] court line brought Plaintiff (5) conduct report falsified by defendants." *Id*.

From November 8, 2019, until August 13, 2020, "Plaintiff had no legal help in filing a tort claim, covid pandemic was high at [NSP,] and [the] law library was closed." *Id*. Plaintiff "filed his tort claim on defendants at [NSP]" on August 14, 2020. *Id.* at 13. The "defendants in concert with [NSP] confiscated Plaintiff[']s tort claim and impede him to proceed further," and he "never heard anything back from Dept. of Treasury Bureau of Risk Management Claims Dept. in Trenton, NJ." *Id.* at 13. From August 15, 2020, until February 7, 2023, Plaintiff "had no legal help to pursue his claims against defendants." *Id*.

Based on these allegations, Plaintiff brings § 1983 claims against Tonner, Tumminell, Sorrell, Faccone (who is not mentioned in the factual allegations of the complaint at all, apart from being listed as a defendant), and Hernandez for (1) retaliation for "speaking out on condition of inmate dining room allowing inmates to eat when done working"; (2) denial of access to the courts "in filing his complaint and confiscation of tort claim to Division of Risk Mgt."; (3) excessive force "by using night sticks on Plaintiff[']s legs causing swollen injuries on left leg and hip"; (4) "falsifying a conduct report on Plaintiff by stating he physical[ly] assaulted them"; and (5) placing him "in a cell . . . naked with injuries on his legs, hip and mace to his face." *Id.* at 4–5.

Plaintiff apparently believes that his claims may be untimely, as he states that the "statute of limitations have run out," but requests that the Court "allow him to pursue his legal claims against defendants." *Id.* at 13–14. He seeks $200,000 in compensatory damages and $250,000 in punitive damages against each defendant.

I.  DISCUSSION

   A.  Screening Standard

District courts must review civil complaints filed by prisoners, *see* 28 U.S.C. § 1915A(a), and dismiss any case that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b) & 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

4

### B. Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted).

A § 1983 action against an individual defendant requires a showing that the defendant had "personal involvement" in the violation of a plaintiff's rights, and it cannot be predicated upon *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Rather, a plaintiff must "make[ ] sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. N.J. Dept. of Corrections*, 806 F.3d 210, 222 (3d Cir. 2015). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, when a complaint "fail[s] to explain . . . [a defendant's] involvement in any alleged constitutional violation, the court must dismiss [the] claims against them." *Moore v. Russell*, 2023 WL 5517568, at *5 (E.D. Pa. Aug. 25, 2023).

5

The ultimate inquiry therefore is whether a complaint contains sufficient factual allegations to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 556 U.S. at 678). To that end, group pleading is impermissible; instead, Plaintiffs must "connect the Defendants . . . to the alleged wrongdoing in a manner sufficient to put them on notice of what each is alleged to have done." *Roman v. Cnty. of Hudson*, No. 23-2811, 2024 WL 1757150, at *6 (D.N.J. Apr. 23, 2024); *see also id.* at *7 ("The amended complaint fails to specify which Defendant is responsible for which act or omission; thus, it fails to put each Defendant . . . on notice of the alleged actions on which his or her liability is based."); *McLeod v. Fifth Jud. Dist. of Pa.*, No. 20-1362, 2022 WL 13986832, at *2 (D.N.J. Oct. 24, 2022) ("Group pleadings are insufficient to sustain a claim as a matter of law.").

### C. Analysis

The complaint, construed liberally, raises § 1983 claims arising out of defendants' alleged violations of Plaintiff's First Amendment right of access to the courts and to be free from retaliation, Eighth Amendment right to be free from excessive force and deliberate indifference to serious medical needs, and Fourteenth Amendment right to due process.

### 1. The Claims for Retaliation, Excessive Force, Deliberate Indifference to Serious Medical Needs, and Due Process Violations are Time Barred

Section 1983 claims are subject to New Jersey's two-year statute of limitations for personal injury actions. *See Patyrak v. Apgar,* 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police,* 603 F.3d 181, 185 (3d Cir. 2010)). The date when a § 1983 claim accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.,* 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or

6

should have known of the injury upon which its action is based." *Id.* (cleaned up). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick,* 444 U.S. 111, 120, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979)).

"Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013); *see also Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").

Here, it is apparent from the face of the complaint that Plaintiff's claims related to retaliation, excessive force, deliberate indifference to serious medical needs, and due process are time barred. The alleged acts giving rise those claims—spraying mace on Plaintiff and hitting him with night sticks (alleged excessive force and retaliation); placing him "in a cell . . . naked with injuries on his legs [and] hip[,] and mace to his face" (alleged deliberate indifference to serious medical needs and retaliation); calling false codes (alleged due process violation and retaliation); and filing a false discipline report (alleged due process violation and retaliation)— are troubling and could likely state a claim if they were well pleaded and timely filed. But Plaintiff alleges that the incidents underlying these claims occurred between November 7, 2019, and November 8, 2019.[2] *See* DE 1 at 6–12 (allegations regarding retaliation, excessive force,

---

[2] Plaintiff also alleges that on August 14, 2020—nine months after he was transferred to NSP— defendants, "in concert with" NSP, confiscated Plaintiff's "tort claim" and "impede[d]" him from "proceed[ing] further." DE at 13. But this allegation—i.e., that the defendant EJSP officers collectively engaged in wrongful conduct against Plaintiff nine months after he was transferred to NSP—does not

deliberate indifference to serious medical needs, and a due process violation (arising out of the alleged false codes) while incarcerated at EJSP on November 7, 2019); *id.* at 12 (alleging retaliation and a due process violation (arising out of an alleged false conduct report) while incarcerated at NSP on November 8, 2019).[3]

Thus, the two-year limitations periods on these claims began to run on either November 7 or 8, 2019, and thus expired on November 7, 2021, and November 8, 2021, respectively. Giving Plaintiff the maximum possible benefit of the prison mailbox rule, he initiated this action on February 7, 2023, approximately 15 months after the limitations periods had expired.[4]

---

support a claim for retaliation. In addition to being vague and conclusory—i.e., there are no factual allegations supporting the alleged confiscation and impediment to "proceeding further"—the allegations do not connect the defendants to the alleged wrongdoing. *See*, *e.g.*, *Thompson v. City of Williamsport*, No. 22-1159, 2023 WL 8005306, at *8 (M.D. Pa. Nov. 17, 2023) ("A Section 1983 plaintiff [ ] cannot survive dismissal through 'conclusory allegations against defendants as a group.' An adequate allegation cannot, where multiple defendants 'occupy different positions and presumably have distinct roles in the alleged conduct,' engage in 'impermissibly vague group pleading;' it must instead specify 'which defendants engaged in what wrongful conduct.'"). Thus, the Court does not include these allegations in the time-bar analysis as it relates to Plaintiff's retaliation claim.

[3] *See*, *e.g.*, *Ostuni,* 532 F. App'x at 112 (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)); *Matos-Ramirez v. Northampton Cnty. Jail Med. Expert*, No. 21-2976, 2021 WL 3722262, at *4 (E.D. Pa. Aug. 23, 2021) ("A claim alleging deliberate indifference to serious medical needs accrues when the plaintiff knows or has reason to know that deliberate indifference is displayed."); *Green v. Philadelphia Cty. Prisons*, No. 00-5330, 2006 WL 2869527, at *6 (E.D. Pa. Oct. 4, 2006) ("With the plaintiff's § 1983 Eighth Amendment cause of action, the injuries accrued on the date(s) that [the defendants] displayed the deliberate indifference to Mr. Green's medical needs. It was on those days that Mr. Green should have known he was injured under the Eighth Amendment"); *Countrywood Realty, LLC v. Twp. of Hanover*, No. 15-2056, 2016 WL 4903958, at *6 (M.D. Pa. Sept. 15, 2016) ("Plaintiffs' § 1983 claims alleging due process violations . . . must have been brought within two years from the date on which the alleged injury was sustained or Plaintiffs had a complete and present cause of action, even if the full extent of the injury was not then known."); *Martinez v. Long*, No. 23-813, 2024 WL 416774, at *4 (W.D. Pa. Feb. 5, 2024) ("[T]he appropriate date for purposes of determining when Plaintiff's [§ 1983] cause of action accrued is the date of the alleged false reports . . . . A reasonable person would or should have known of the injury at issue on [that date].").

[4] In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a document submitted to the Court by a pro se prisoner litigant should be deemed filed not when stamped received by the Clerk's office, but instead "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Id.* at 275–76. Here, as Plaintiff dated his complaint February 7, 2023 (DE 1 at 16), the Court will proceed on the assumption that this date also represents the earliest possible date that the complaint could have been given to prison authorities for mailing. *See United States v. Rinaldi*, 447 F.3d 192, 194

8

Accordingly, unless Plaintiff has plausibly alleged a basis for equitable tolling, these claims are time barred.

Equitable tolling in these circumstances is governed by state law unless inconsistent with federal law or with the policy which federal law seeks to implement. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). "Equitable tolling affords relief from inflexible, harsh or unfair application of a statute of limitations, but it requires the exercise of reasonable insight and diligence by a person seeking its protection." *Villalobos v. Fava*, 775 A.2d 700, 708 (N.J. Sup. Ct. App. Div. 2001). The doctrine applies "'only in narrowly defined circumstances.'" *Fahey v. Hollywood Bicycle Center, Inc.*, No. 08-3573, 2009 WL 749856, at *4 (D.N.J. Mar. 18, 2009) (quoting *R.A.C. v. P.J.S., Jr.*, 927 A.2d 97 (N.J. 2007)). "Specifically, New Jersey courts have found the doctrine of equitable tolling to apply in the following situations: (1) where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass; (2) where a plaintiff has in some extraordinary way been prevented from asserting his rights; and (3) where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Id.* (quoting *Freeman v. State*, 788 A.2d 867, 879–80 (N.J. Sup. Ct. App. Div. 2002); quotations omitted). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Freeman*, A.2d at 880.

---

n.6 (3d Cir. 2006) (applying the prison mailbox rule and deeming notice of appeal filed as of date it was signed); *Ivester v. Sweeny*, No. 19-16559, 2022 WL 17733676, at *4 (D.N.J. Dec. 16, 2022) ("The Court received Ivester's Complaint on August 12, 2019, but, giving him the benefit of the 'prison mailbox rule,' the Court assumes that it may have been 'filed' as early as July 16, 2019, the date Plaintiff signed the Complaint.").

9

Plaintiff asserts (1) during the nine months from November 8, 2019, through August 13, 2020, he "had no help in filing a tort claim, covid pandemic was high at [NSP,] and law library was closed" (DE 1 at 12); (2) on August 14, 2020 (fifteen months before the limitations period expired), defendants, "in concert with [NSP,] confiscated [his] tort claim and impede him to proceed further" (*id.* at 13); and (3) from August 15, 2020, to February 7, 2023 (a period of thirty months), he "had no legal help to pursue his claims against defendants" (*id.* at 14). On these facts, Plaintiff has not plausibly alleged a basis for equitable tolling.

As an initial matter, Plaintiff has not provided facts to support an inference that the defendants engaged in intentional inducement or trickery to prevent him from pursuing his claims after he was transferred to NSP. As noted above, the defendants are officers at EJSP. However, Plaintiff alleges that the impediments to filing—the lack of legal assistance, closure of the law library, confiscation of the "tort claim," and unspecified impediment to "proceed further"—occurred after he was transferred to NSP. *See* DE 1 at 11 ("On or about November 8, 2019 10:00A.M. [EJSP] transfer[red] Plaintiff to [NSP]."). He has failed to connect the defendants to the closure of the law library at NSP or the availability (or lack thereof) of legal assistance at NSP, and his bald assertion that the defendants confiscated his "tort claim" on August 14, 2020, and "impede[d] him to proceed further" is simply too vague and conclusory to support a claim for equitable tolling. Plaintiff does not describe the "tort claim," explain how the defendants confiscated it, or describe the steps he took to file his claim during the 15 months remaining in the limitations period. He also does not describe the steps he took to "proceed further" during the 30 months that passed between the alleged confiscation of his "tort claim" on August 14, 2020, and the date he initiated this action, February 7, 2023; nor does he describe the manner in which defendants "imped[ed]" him from "proceeding further." DE 1 at 13.

10

Finally, to the extent Plaintiff asserts the impediment is that he "had no legal help to pursue his claims against defendants" from August 15, 2020, to February 7, 2023, this does not amount to an extraordinary circumstance sufficient to warrant equitable tolling. An inmate does not have an unqualified right to "legal help." *See*, *e.g.*, *United States v. Green*, Crim. No. 07-271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) ("[D]ifficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling.") (citations omitted); *Reed v. Davis*, No. 22-7412, 2023 WL 2524009, at *4 (D.N.J. Mar. 15, 2023) ("While this Court is sympathetic to Plaintiff regarding some of the restrictions placed on him and other inmates at NJSP during the COVID-19 pandemic due to prison protocols, Plaintiff's purported inability to access the law library for periods during the applicable two-year statute of limitations does not constitute extraordinary circumstances to warrant applying equitable tolling in these circumstances"; moreover, "Plaintiff does not explain how his inability to access the law library for certain periods of the applicable two-year statute of limitations prevented him specifically from timely filing this Section 1983 action in this Court"); *Jones v. United States*, No. 14-4655, 2017 WL 4235736, at *4 (D.N.J. Sept. 25, 2017) ("Mr. Jones makes no specific claim of how the purported inadequacies of the law library actually prevented him from filing his petition on time. Mr. Jones' ignorance of the law is also insufficient to equitably toll the statute of limitations.") (citations omitted).

For these reasons, Plaintiff has not plausibly alleged an entitlement to equitable tolling. His First Amendment retaliation claim, Eighth Amendment excessive force and deliberate indifference to serious medical need claims, and Fourteenth Amendment due process claims are therefore time-barred and must be dismissed. However, the claims will be dismissed without

prejudice to Plaintiff's filing an amended complaint if he believes he can cure the deficiencies outlined above.

### 2. Plaintiff Has Not Plausibly Alleged a Claim for Denial of Access to the Courts

Plaintiff also failed to plausibly allege the defendants violated his First Amendment right to access the courts. To state a viable claim of denial of access to the courts, Plaintiff must allege that (1) he suffered an "actual injury" in the form of his loss of an arguably meritorious claim; (2) defendants' actions proximately caused his actual injury; and (3) "no other 'remedy . . . may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Robison v. Vols*, No. 20-242, 2021 WL 6135454, at *4 (W.D. Pa. Dec. 29. 2021) (citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the allegations must describe "the underlying cause of action, whether anticipated or lost," and "the official acts frustrating the litigation"). Plaintiff must allege the denial-of-access elements against each defendant in conformance with the requirements of § 1983. *Id.* at 416; *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Conclusory allegations are not sufficient. *Johnson v. Cash*, 557 F. App'x 102, 104 n.3 (3d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

Here, Plaintiff has failed to plausibly allege that he was denied access to the courts or that any of the defendants was personally involved in the alleged denial. In support of this claim, Plaintiff alleges only that while he was incarcerated at NSP, (1) 15 months before the expiration of the limitations period, defendants "confiscated [his] tort claim," and (2) throughout the next 30 months, "impede[d] him to proceed further." DE 1 at 13. These conclusory allegations are lacking in a factual foundation and fail to raise an inference that the defendants denied him access to the courts during the 30 months between the alleged confiscation of his "tort claim" and the date he initiated this action. *See, e.g.*, *Johnson v. Clark*, No. 23-4738, 2024 WL 2331715,

12

at *11 (E.D. Pa. May 22, 2024) (Plaintiff "has not included any non-conclusory allegations supporting his claim that [defendants] were the ones responsible for [the alleged wrongdoing]. Accordingly, this claim is not plausible and will be dismissed."); *Parks v. Samuels*, No. 13-742, 2015 WL 5954185, at *7 (M.D. Pa. Oct. 13, 2015) (dismissing claim where, *inter alia*, plaintiff "has not in any meaningful way explained how the defendants in this lawsuit have impaired his ability to access the courts"); *see also id.* at *10 ("The failure to include plausible allegations of personal involvement on the part of each named defendant further compels dismissal of this action.").

Accordingly, the claim for denial of access to the courts will be dismissed as against all defendants. However, because the Court cannot state that amendment would be futile, this dismissal is without prejudice to the filing of a proposed amended complaint that complies with the pleading standards outlined above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (leave to amend claims dismissed on screening should generally be granted unless amendment would be inequitable or futile).

## II.   Conclusion

For the reasons stated above, Plaintiff's complaint (DE 1) is dismissed without prejudice. Plaintiff may file a proposed amended complaint within 45 days. An appropriate order follows.

Dated: June 25, 2024

_____
HON. JAMEL K. SEMPER
United States District Judge